## FIRST DEPARTMENT, MAY, 1952.

### (May 6, 1952.)

In the Matter of JEWELRY CENTER COMPANY, Appellant. SIDNEY LUCAS et al., Respondents.

*Per Curiam.* The requirement that an adverse change in circumstances must be shown to exist before a second application may be made under subdivision 1 of section 4 of the emergency rent laws (Commercial Rent Law, § 4; L. 1945, ch. 3, as amd., Business Rent Law, § 4; L. 1945, ch. 314, as amd.) does not extend to alternative proceedings under subdivision 2. Relief under subdivision 1 may be granted only where it appears that the gross rentals from the entire building are insufficient to yield a fair return to the landlord. Once an increase has been allowed under that subdivision a second proceeding may not be maintained in the absence of a showing that the rentals fixed in the first are no longer sufficient to produce a reasonable return. There is no limitation as to the amount of increase that may be allowed in a subdivision 1 proceeding.

An alternative proceeding under subdivision 2 is quite different. It is an "additional" proceeding which provides for the allocation of the basic rent on a square foot basis without regard to the actual income from the property. Since increases may be obtained under this subdivision even though the property is yielding a reasonable return or better, the statute protects the

tenant from a sudden and substantial increase in rents by limiting the amount of any increase to 15% of the existing rents. The provision that the 15% increase, when allowed, is to continue for a period of twelve consecutive months clearly indicates that the Legislature intended to permit a second application at the expiration of that period without the necessity of showing an adverse change in circumstances. This necessarily follows from the fact that the landlord is bound by the rentals fixed for the twelve months even though a change in circumstance may occur during that period.

Accordingly, the order appealed from should be reversed and the petitioner's application for a further 15% increase granted. Settle order.

Peck, P. J., Glennon, Dore, Van Voorhis and Shientag, JJ., concur.

Order unanimously reversed and petitioner's application for a further 15% increase granted. Settle order on notice.